UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LATIVIA JOHNSON THOMAS**                                                                                    **PLAINTIFF**

v.                                                                               CIVIL ACTION NO. 3:24-CV-00075-GNS

**UNITED STATES MEDICARE AND MEDICAID PROGRAM**                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a civil action initiated by *pro se* Plaintiff Lativia Johnson Thomas. Upon review, **IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (DN 2) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action pursuant to 28 U.S.C. § 1915(e)(2). Upon review, the action will be dismissed.

**I.**

Plaintiff initiated this action on a civil complaint form (DN 1). In the caption of the complaint form, she lists "United States Medicare and Medicaid Program," located in Lexington, Kentucky, as a Defendant. In the "Defendants" section of the complaint form, she lists "Anthem Inc. Medicaid Insurance," located in Cincinnati, Ohio; "One Touch," United States Government, located in Washington, D.C.; C & C Pharmacy, located in Lexington, Kentucky; Walgreens Pharmacy, located in Louisville, Kentucky; and Bluegrass Community Health Center, located in Lexington, Kentucky.

Under the section of the complaint titled, "Basis for Federal Question Jurisdiction," Plaintiff writes, "HIPPA, SSA 'You can not owe anything.' Glasslighting, Intel property missing force into homelessness, mental hospital, car missing, gun stolen." In the "Statement of the Claim" section of the complaint form, Plaintiff writes, "The United States Social Security Administration told me I Lativia Johnson Thomas could not owe anything in this country."

In the "Relief" section of the complaint form, Plaintiff requests, "My life free of war like crimes being committed against me. I would like damages to be rewarded to me for "'crimes against humanity.' (me)[.]"

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the instant action. *See* 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Moreover, although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the "duty to be 'less stringent' with *pro se* complaints does not require [courts] to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). To command otherwise would require courts "to explore

2

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Upon review of the complaint, the Court finds that Plaintiff's allegations are too vague, conclusory, and indecipherable to support a federal or constitutional claim and will dismiss this action for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B)(ii).

### III.

The instant action will be dismissed by separate Order.

Date: February 9, 2024

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.011